IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE: :
:
MELANIE ANN KOHLI fka Melanie Ann : CASE NO. 5-19-03250
Simonette fka Melanie A. Mortimer :
: CHAPTER 13
    Debtor :

## OBJECTIONS OF JOEL MORTIMER
## TO DEBTORS' FIRST AMENDED CHAPTER 13 PLAN

The Objections of Joel Mortimer, Creditor, by his attorneys, Doran & Doran, PC to the Debtor's First Amended Chapter 13 Plan are as follows:

1. Debtor and Robert Kohli commenced this case as a joint Chapter 13 case on July 29, 2019.

2. Joel Mortimer is an unsecured creditor of Debtor Melanie Ann Kohli.

3. Melanie Ann Kohli had previously been a Debtor in Case # 5-16-03096, filed on July 28, 2016. ("2016 case").

4. In the 2016 case, Melanie Ann Kohli was over-median income and required to make payments to her unsecured creditors.

5. During the 2016 case, Debtor Melanie Ann Kohli filed amended plans through the Fifth Amended Plan, but none were ever confirmed.

6. Although the 2016 case lasted from July 28, 2016 until March 8, 2019, when it was voluntarily dismissed by the Debtor, not a single dollar was ever paid to creditors during the 2016 case.

7. On August 9, 2019, a Chapter 13 plan was filed in the above case ("Original Chapter 13 Plan").

1

8. Although the means test required a plan payment of $1,234.31 per month, the Debtors only proposed paying $289 per month in an initial tier from September 2019 through June 2020, and to then increase their payments after an anticipated tax refund of approximately $9,000 anticipated in May of 2020.

9. Creditor Joel Mortimer objected to the plan based on the means test calculations, and because if the initial plan payments were designed to be artificially low based on the Debtor's claim that the tax refund would not be received until May of 2020, the plan should have required the Debtors to pay the refund into the plan when it was received rather than allow the Debtors to only increase $289 payment to $1290 per month in July of 2019.

10. On January 14, 2020, the Debtors filed a motion to sever the joint case. The cases were severed on February 5, 2020.

11. On May 13, 2020, Debtor Melanie Kohli filed this First Amended Plan

12. Creditor Joel Mortimer objects to the present Chapter 13 case as follows:

A. Although the purpose of a tiered payment structure in the Original Chapter 13 Plan was the alleged need to wait for the $9000 tax refund in May of 2020, the 1st Amended Plan ignores the existence of that refund completely and does not provide for it to be paid to the creditors, despite the fact that the Debtor should already have the refund in her possession and that it is property of the estate.

B. Setting aside the issue of any errors in the computations, the original means test, which would have been effective until the case was severed, required a monthly payment of $1,234.31 per month. From August 2019 to April of 2020, the Debtor has only paid a total of $2,312 into the plan. The Debtor should be required to make up the deficit in payments for the first 9 months of the plan.

2

C. There is no indication in the plan as to contributions to support from the Debtor's nonfiling spouse/former spouse.

D. The Debtor's budget includes what appears to be a new housing expense of $1285.00 for rent. This exceeds the $883.00 monthly means test allowance for a two person household by more than $400.00. It demonstrates the Debtor's lack of good faith, evident from the 2016 case to the present, where the Debtor has chosen to benefit herself by obtaining expensive housing instead of being fair to her creditors. As a result the $400 per month excess should be required to be paid into the plan.

E. The Debtor's budget includes a deduction of $374.25 per month for telephone, internet, and related services which is excessive for a single person with two preschool aged children.

F. On Schedule I the Debtor includes a deduction of $536.48 per month into a Health Savings Account. To the extent that the Debtor is not incurring necessary health expenses of $536.48 per month, this account would simply be an investment account for the Debtor. Any amounts paid into the HSA account which do not cover reasonable current health expenses should not be allowed as a deduction, and the plan payment should be adjusted upward by such amount. There is also no HSA account indicated on the Debtor's schedule of assets.

G. The plan is not proposed in good faith because the Debtor projects attorney fees incurred of more than $6,000. Presumably, some of these were incurred in the joint case, for the benefit of Robert Kohli, but there is no indication of a contribution toward the fees from Debtor's former spouse. It would not be equitable for the Debtor's creditors to bear the burden of Mr. Kohli's share of attorney fees.

3

Case 5:19-bk-03250-RNO    Doc 60    Filed 06/24/20    Entered 06/24/20 09:57:39    Desc
Main Document    Page 3 of 5

H. The plan is not proposed in good faith because although the Debtor is grossing more than $7000 per month, she is only proposing to pay $176 per month to her creditors in the second tier of her plan from September 2020 through April 2022.

I. Under the proposed payment schedule, the creditors could not hope to see their first dollar of payment until well into the year 2022, after the attorney fees and trustee fees are paid, despite the fact that they have been waiting for payment since the filing of the 2016 case in July of 2016, and the amount they would be paid under this Plan will be insignificant.

J. On April 11, 2019, the Chapter 13 Trustee disbursed a check in the amount of $18,503.23 to the Debtor. There was only a nominal amount of funds in the Debtor's bank account when the bankruptcy was filed in July only three months later, and no explanation of the use of the funds on the Schedules filed in the case. At the creditors meeting the Debtor testified that some of the funds were given to her spouse for payment of his individual mortgage obligations. The Debtor should be required to restore those funds into the Chapter 13 Plan.

K. Creditor Mortimer also objects to the extent that the plan requires him to take any actions with respect to the 2004 Ford Explorer without obtaining his agreement and providing fair compensation to him.

WHEREFORE, creditor Joel Mortimer requests that the Court deny confirmation of the Debtors First Amended Chapter 13 Plan.

DORAN & DORAN, PC

BY:   /s/ Lisa M Doran
LISA M. DORAN, ESQUIRE
Attorneys for Objector
69 Public Square, Ste. 700
Wilkes-Barre PA 18701
570-823-9111 fax 570-829-32-22

Dated: June 24, 2020

## Certification of Service

The undersigned, Lisa M Doran, hereby certifies that a true and correct copy of the foregoing Objection is served electronically, automatically upon filing through the ECF system this _24th day of June 2020 upon:

J. Zac Christman on behalf of Debtor 1 Melanie Ann Kohli
zac@fisherchristman.com, office@fisherchristman.com

J. Zac Christman on behalf of Debtor 2 Robert R. Kohli
zac@fisherchristman.com, office@fisherchristman.com

Charles J DeHart, III (Trustee)
TWecf@pamd13trustee.com

                                                  /s/ Lisa M Doran
                                                  Lisa M Doran

5

Case 5:19-bk-03250-RNO    Doc 60    Filed 06/24/20    Entered 06/24/20 09:57:39    Desc
Main Document    Page 5 of 5