UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: **MELANIE ANN KOHLI**, fka Melanie Ann Simmonette, fka Melanie Ann Mortimer, Debtor(s) | : : : : | Chapter **13** Case No. **5:19-bk-03250** |
| **MELANIE ANN KOHLI**, Proponent, v. **JOEL MORTIMER,** Objector, | : : : : : : | **Confirmation of First Amended Chapter 13 Plan** |

## ANSWER TO OBJECTION OF JOEL MORTIMER TO CHAPTER 13 PLAN

AND NOW COMES Debtor(s) **MELANIE ANN KOHLI,** by and through their attorneys, FISHER CHRISTMAN, and in Answer to the Objection of **JOEL MORTIMER** to Debtor's First Amended Chapter 13 Plan, aver(s):

1-5. Admitted.

6. Admitted in part and Denied in part. Debtor paid $19,748.78 to the Trustee. Confirmation of a feasible Chapter 13 Plan was rendered impossible by the need to replace a motor vehicle on an emergency basis and the resulting 401(k) loan.

7. Admitted.

8. Admitted in part and Denied in part. The means test does not "require a plan payment." The means test takes into account that a debtor's obligations that are currently in repayment will be paid in full prior to the expiration of the sixty-month period following the date of the bankruptcy petition. Despite separating from the prior Joint Debtor, divorce and significant costs of relocating, Debtor paid that current household disposable income to the Trustee for eight months.

9. Denied. Objector refers not to a tax refund, but to a projected future tax refund. The $289 was Debtor and prior Joint Debtor's disposable income. While the projected tax refund had to be taken into account, it was not actually available.

10-11. Admitted.

12. Denied and Denied to the extent the averments of paragraph 12 are other than a statement or conclusion of law or misplaced request for relief. While Debtor has filed Supplemental Schedules I & J under oath, Objector has provided insufficient information to move the burden of proof to Debtor with regard to Confirmation of her Plan. See Docket Entry 54. This response applies to all sub-paragraphs of paragraph 12 below.

    a. Debtor did not receive a $9,000 tax refund. Debtor receives half of a $6,062 tax refund, which is being accounted for in the monthly payments at $252.58.

    b. Objector apparently fails to understand the how the means test operates. Further, see responses to paragraphs 8 and 9, above.

    c. Debtor does not receive any contribution or support from prior Joint Debtor, as they have equal joint custody and similar incomes.

    d. Debtor has a household of three and pets. While Debtor filed a means test as a household of two, the excess rent is reasonable for a single mother with two children and pets that were purchased long before Debtor contemplated have to rent. The comparison to IRS information based in part of households of two wage earners and no children is unfair, and should be inapplicable.

    e. Debtor requires high speed internet access and high-quality cell telephone coverage for her primary employment. Further, Debtor's part-time position is entirely reliant on her having high speed internet access. The expenses are reasonable.

f. Debtor spends the entirety of her health savings account annually, and an additional $30 per month on over the counter medications and first aid supplies.

g. Objector wastes the Court's time with an Objection to a future fee application, which, if successful, would reduce the amount of the fee application. Additionally, as 1) prior Joint Debtor will receive no benefit, 2) Debtor will receive the entirety of the benefit of a Discharge if her Chapter 13 Case is successful and 3) prior Joint Debtor waived any claim with regard to his share of the funds paid to the Trustee, Debtor's payment of the fees would not be inappropriate. Further, Counsel anticipates reducing the fee that would otherwise be charged at the regular hourly rate to fit within the amount indicated by the Plan. Further, Objector is the reason Debtor's case is being handled on an hourly basis.

h. Debtor is paying her anticipated disposable income in the applicable time period. Further, after a loan is satisfied, her payment increases to $545 for the remainder of Debtor's Plan term.

i. Objector does not even attempt to present a legal or factual basis to Deny Confirmation. Further, see response to paragraph 12.g., above.

j. Objector does not even attempt to present a legal or factual basis to Deny Confirmation. Debtor and prior Joint Debtor had approximately $5,000 in cash and on deposit when the case was filed. Even if there were more funds on hand or fraudulent transfers, which do not occur when one contributes to the mortgage payments on a residence in which they live, that would be a "Chapter 7 Test" Objection that would be sustained because Debtor pays $22,591 to unsecured creditors via the First Amended Plan.

k. Objector should be estopped from raising any Objection with regard to the 2004 Ford Explorer. The 2004 Ford Explorer was awarded to Debtor in her divorce with Objector. For this reason, the Plan provision does not transfer property. Nonetheless, Objector refused to sign over title to the 2004 Ford Explorer, despite repeatedly indicating that he would do so via Counsel for Objector. As the 2004 Ford Explorer has been delivered to Objector, Objector is free to dispose of it.

WHEREFORE, Debtor **MELANIE ANN KOHLI,** respectfully prays this Honorable Court Overrule the Objection of **JOEL MORTIMER** to Confirmation of her First Amended Chapter 13 Plan, and for such other and further relief as the Honorable Court deems just and appropriate.

Respectfully Submitted,
FISHER & CHRISTMAN

By: /s/ J. Zac Christman
J. Zac Christman, Esquire
Attorney for Debtor
530 Main Street
Stroudsburg, PA 18360
(570) 234-3960, fax: (570) 234-3965
zac@fisherchristman.com